USCA1 Opinion

 

 August 24, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1023 UNITED STATES, Appellee, v. WESLEY F. MOTTRAM, SR., Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Edward C. Roy and Roy & Cook on brief for appellant. _____________ __________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran ___________________ ___________________ and James H. Leavey, Assistant United States Attorneys, on brief for _______________ appellee. ____________________ ____________________ Per Curiam. Defendant-appellant Wesley Mottram ___________ pleaded guilty to a one-count indictment charging him with passing a United States Treasury check with a forged endorsement, in violation of 18 U.S.C. 510(a)(2). Imposing sentence under the United States Sentencing Guidelines ("U.S.S.G."), the district court, departing upward from the applicable guideline range, sentenced Mottram to an 18-month prison term in a facility with a substance abuse program, a 3-year term of supervised release during which he must participate in a substance abuse program, restitution in the amount of $ 1,303, and an assessment of $ 50. Mottram appeals from this sentence. We affirm. Background __________ The presentence investigation report ("the PSR") recounted a long and extensive criminal history extending from the 1960's through the instant offense. Neither Mottram nor his counsel raised any objections to this account. Many of these prior convictions, moreover, did not result in the assignment of criminal history points against Mottram. Thus, the PSR stated that an upward departure might be warranted in view of the sheer number of prior convictions and the "extreme likelihood" that Mottram would commit further crimes. There were two reasons why many of the prior convictions did not produce criminal history points. For one thing, convictions over ten years old that did not involve a sentence of imprisonment exceeding one year and one month do not result in criminal history points. U.S.S.G. 4A1.2(e). A number of Mottram's convictions fell outside this time limitation: six separate convictions for driving while intoxicated, plus separate convictions for breaking and entering, assault, possessing marijuana, and resisting arrest and contempt of court. Second, a prior conviction that resulted in a sentence of less than 60 days' imprisonment adds one criminal history point, but not to exceed a total of 4 criminal history points for all such convictions. 4A1.1(c). ___ Mottram, however, has had far more than four convictions in this category. In fact, the PSR lists no fewer than twelve separate convictions, all in 1991 or 1992, for which Mottram received no criminal history points because all resulted in sentences of less than 60 days' imprisonment (most resulted in suspended sentences or probation). Almost all of these convictions involved offenses of receiving stolen goods, obtaining money under false pretences, or forgery and counterfeiting. The district court, following the recommendations of the PSR, determined Mottram's total offense level to be 4 -3- -- a base offense level of 6 under U.S.S.G. 2F1.1(b)(1)(A), with a subtraction of 2 points for acceptance of responsibility under 3E1.1. The district court assigned 14 criminal history points on the basis of Mottram's prior convictions, and added 2 additional points under 4A1.1(d) because Mottram was serving a suspended sentence on a 1990 state conviction for assault at the time he committed the instant offense. This total of 16 criminal history points placed Mottram in criminal history category VI. 5A. This offense level of 4 and criminal history category of VI -- which Mottram does not challenge -- would produce a range of imprisonment of 6 to 12 months. Id. __ Thus, even though many of his prior convictions did not yield criminal history points, Mottram nonetheless was in the highest criminal history category, VI. Adding additional criminal history points could not have placed him in a higher category. The district court decided to depart upward from this guideline range on the ground that the criminal history category VI -- although the highest category -- did not adequately reflect the seriousness of Mottram's past criminal conduct or the likelihood of recidivism. The district court explained the upward departure as follows: "I don't know how many instances [prior convictions] there are here but I guess they number 34. Thirty-four convictions. The last three -4- years it's been either cashing stolen checks or writing checks on accounts that don't exist. . . . In light of the number of offenses here, the persistent criminal conduct which nothing seems to deter, it seems to me appropriate that the offense level be increased by two to a level of six. That's a guideline range of 12 to 18 months." Mottram's counsel argued that there should be no upward departure, and indeed that there should be a downward departure, because Mottram has a persistent, episodic drinking problem, and because most of Mottram's prior offenses occurred during particular periods of excessive drinking. Counsel further noted that most of Mottram's offenses do not involve violence or a threat of violence. The important thing, counsel urged, was to require Mottram to obtain alchohol counselling. In rejecting these arguments, the district court remarked, "I have a lot of trouble figuring out how if your drinking causes this problem that you can be doing things like this while you're drinking. It seems to me it takes a little bit of skill, a little bit of guile to be able to go into a bank and cash a check and I doubt that, I don't know, I suppose somebody would have difficulty if they were intoxicated and doing that." -5- The Merits __________ There is no dispute on appeal over whether the evidence supports the departure-related findings of fact, see United __________ States v. Rivera, 994 F.2d 942, 950 (1st Cir. 1993), or over ______ ______ the degree of departure, see id. The only issue in this case ______ is whether the specific departure-related circumstances here "are of a kind or degree that they may appropriately be relied upon to justify departure." Id. (quoting United __ _______________ States v. Diaz-Villafane, 874 F.2d 43, 49 (1st Cir.), cert. ______ ______________ _____ denied, 493 U.S. 862 (1989)). ______ U.S.S.G. 4A1.3 states, "A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." This section goes on to specifically discuss departures from criminal history category VI: "The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted. In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is -6- often more indicative of the seriousness of the defendant's criminal record." Mottram argues that although he may have had a lot of prior convictions that did not contribute to his criminal history points or category, these were all relatively minor offenses that did not involve violence. In this situation, according to Mottram, the Sentencing Commission has discouraged departures by stating that "the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." 4A1.3. The district court thus erred in relying solely on the sheer number of prior convictions to justify an upward departure. We find this argument unpersuasive. For one thing, the Sentencing Commission's policy statement does not preclude a sentencing judge from giving weight to the sheer number of prior convictions, even though relatively non- serious. The Commission has said that the nature of the prior offenses "is often more indicative" (emphasis added) _____ than their number. Obviously, this formulation leaves open the possibility that nonetheless there may be situations in which an upward departure might be appropriate because of the sheer number of prior convictions. In any event, the sentencing judge here plainly did not rely solely on the sheer number of prior convictions. The judge expressly noted the spate of recent convictions, ______ -7- most of them not resulting in any actual time in prison, for offenses very similar to the instant offense, i.e., passing stolen or forged checks. From this, as well as from Mottram's long history of repeating other categories of crimes, the district court concluded that the likelihood of Mottram committing further offenses involving stolen or forged checks was very high. Indeed, the district court concluded that it was so high that placement in Criminal History Category VI did not take adequate account of it. We see no reason to disturb the district court's eminently reasonable assessment. Section 4A1.3 of the Sentencing Guidelines expressly states that an upward departure "is warranted when the criminal history category significantly under-represents . . . the likelihood that the defendant will commit further crimes." We have made it clear, moreover, that we will accord deference to a district court's departure determination insofar as it reflects the district court's sentencing experience, as opposed to the "quintessentially legal interpretation of the words of a guideline." Rivera, supra, 994 F.2d at 951. Accord United ______ _____ _____________ States v. Doe, 18 F.3d 41, 43-44 (1st Cir. 1994). The ______ ___ district court's ruling, premised as it was on the fact-based judgment that Mottram's record posed an unusually high risk of recidivism, easily passes muster under the governing standard of review. -8- The ruling of the district court is affirmed. ________ -9-